## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| SMA SURFACES, INC. (F/K/A POLARSTONE US), | : |
| Plaintiff, | : |
| v. | : Court No. 21-00399 |
| UNITED STATES, | : |
| Defendant. | : |

## **COMPLAINT**

Plaintiff SMA Surfaces, Inc. (f/k/a Polarstone US), by and through undersigned counsel, hereby alleges and states as follows:

### **ADMINISTRATIVE DETERMINATION TO BE REVIEWED**

1. Plaintiff brings this complaint to contest the final scope ruling issued by the U.S. Department of Commerce, International Trade Administration (the "Department"), in the scope inquiry of the Antidumping duty ("ADD") and Countervailing duty ("CVD") Orders on Quartz Surface Products from the People's Republic of China.  *See* Memorandum from Jill E. Pollack, Director, Office II, Antidumping and Countervailing Duty Operations, to James Maeder, Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations, *Final Scope Ruling on the Antidumping and Countervailing Duty Orders on Quartz Surface Products from the People's Republic of China: SMA Surfaces* ( July 15, 2021) ("Final Scope Ruling").

## JURISDICTION

2.    This action is filed pursuant to 19 U.S.C. § 1516a(a)(2)(B)(vi) to contest the Final Scope Ruling issued by the Department.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFF

3.    Plaintiff is a U.S. importer of products subject to the Final Scope Ruling.  Plaintiff participated in the Department's proceeding that resulted in the challenged determination and is subject to the Final Scope Ruling.  Therefore, Plaintiff is an interested party as described in 19 U.S.C. § 1677(9)(A) and has standing to bring this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THE ACTION

4.    The contested Final Scope Ruling was dated July 15, 2021, and served by the Department via ACCESS on interested parties on July 19, 2021.  On August 11, 2021, Plaintiff filed its Summons with this Court commencing this action within 30 days of the date of delivery of the Final Scope Ruling.  Therefore, both the Summons and Complaint have been timely filed pursuant to Rules 3(a)(2) and 6(a) of the Rules of this Court and Section 516A(a)(2)(A)(ii) of the Tariff Act, 19 U.S.C. § 1516a(a)(2)(A)(ii).

## BACKGROUND

5.    On July 11, 2019, the Department published ADD/CVD Orders on certain quartz surface products from the People's Republic of China.  *Certain Quartz Surface Products from the People's Republic of China: Antidumping and Countervailing Duty Orders*, 84 Fed. Reg. 33053 (July 11, 2019) ("QSP Orders").

6.    The Department defined the scope of the Quartz Surface Orders as follows:

The merchandise covered by the orders is certain quartz surface products.[1] Quartz surface products consist of slabs and other surfaces created from a mixture of materials that includes predominately silica (*e.g.*, quartz, quartz powder, cristobalite) as well as a resin binder (*e.g.*, an unsaturated polyester). The incorporation of other materials, including, but not limited to, pigments, cement, or other additives does not remove the merchandise from the scope of the orders. However, the scope of the orders only includes products where the silica content is greater than any other single material, by actual weight. Quartz surface products are typically sold as rectangular slabs with a total surface area of approximately 45 to 60 square feet and a nominal thickness of one, two, or three centimeters. However, the scope of these orders includes surface products of all other sizes, thicknesses, and shapes. In addition to slabs, the scope of these orders includes, but is not limited to, other surfaces such as countertops, backsplashes, vanity tops, bar tops, work tops, tabletops, flooring, wall facing, shower surrounds, fire place surrounds, mantels, and tiles. Certain quartz surface products are covered by the orders whether polished or unpolished, cut or uncut, fabricated or not fabricated, cured or uncured, edged or not edged, finished or unfinished, thermoformed or not thermoformed, packaged or unpackaged, and regardless of the type of surface finish.

In addition, quartz surface products are covered by the orders whether or not they are imported attached to, or in conjunction with, non-subject merchandise such as sinks, sink bowls, vanities, cabinets, and furniture. If quartz surface products are imported attached to, or in conjunction with, such non-subject merchandise, only the quartz surface product is covered by the scope.

Subject merchandise includes material matching the above description that has been finished, packaged, or otherwise fabricated in a third country, including by cutting, polishing, curing, edging, thermoforming, attaching to, or packaging with another product, or any other finishing, packaging, or fabrication that would not otherwise remove the merchandise from the scope of the orders if performed in the country of manufacture of the quartz surface products.

The scope of the orders does not cover quarried stone surface products, such as granite, marble, soapstone, or quartzite.

---

[1] Quartz surface products may also generally be referred to as engineered stone or quartz, artificial stone or quartz, agglomerated stone or quartz, synthetic stone or quartz, processed stone or quartz, manufactured stone or quartz, and Bretonstone®.

> Specifically excluded from the scope of the orders are crushed glass surface products. Crushed glass surface products must meet each of the following criteria to qualify for this exclusion: (1) the crushed glass content is greater than any other single material, by actual weight; (2) there are pieces of crushed glass visible across the surface of the product; (3) at least some of the individual pieces of crushed glass that are visible across the surface are larger than one centimeter wide as measured at their widest cross-section (glass pieces); and (4) the distance between any single glass piece and the closest separate glass piece does not exceed three inches.
>
> The products subject to the scope are currently classified in the Harmonized Tariff Schedule of the United States (HTSUS) under the following subheading: 6810.99.0010. Subject merchandise may also enter under subheadings 6810.11.0010, 6810.11.0070, 6810.19.1200, 6810.19.1400, 6810.19.5000, 6810.91.0000, 6810.99.0080, 6815.99.4070, 2506.10.0010, 2506.10.0050, 2506.20.0010, 2506.20.0080, and 7016.90.10. The HTSUS subheadings set forth above are provided for convenience and U.S. Customs purposes only. The written description of the scope is dispositive.

7.  On April 28, 2021, Plaintiff requested that the Department issue a scope ruling confirming that three specific surface products identified as "Grey Concrete Leather," "Andes," and "Twilight" are excluded from the scope of the QSP Orders based on satisfaction of the four crushed glass surface products exclusion criteria contained in the scope.

8.  Plaintiff's scope ruling request provided factual and documented evidence that detailed how each of the three specific surface products were uniquely and separately excluded under the four criteria of the crushed glass surface products exclusion contained in the scope of the QSP Orders.

9.  Plaintiff's scope ruling request alleged that none of the examples provided by Petitioner Cambria Company LLC ("Petitioner") in the *Scope Clarification Request* filed in the underlying investigations on March 1, 2019 (the basis for the exclusion criteria) provided any evidence that the distance between the "glass pieces larger than one cm" and the closest separate "glass pieces

larger than one cm" did not exceed three inches.  For example, for the fourth criterion, Plaintiff documented with respect to the large glass chip pieces (which exceed 1-2 cm) used in the production of the "Grey Concrete Leather," and "Andes," these pieces are visible on the surface, and all of these "large glass chip" pieces are not separated by more than 3 inches from the next "large glass chip piece," whereas Plaintiff also documented the style "Twilight" has pieces of glass larger than 1 cm across its surface, and these 1cm glass pieces are all within 3 inches of another 1cm or larger glass piece.

10.     On May 14, 2021, Petitioner filed comments, without submitting factual or document evidence, opposing Plaintiff's request.

11.     On May 18, 2021, the Department extended its 45 day deadline for issuing a decision on the scope ruling request to July 27, 2021.

12.     On July 15, 2021, the Department issued its Final Scope Ruling without issuing any additional questions to Plaintiff.

13.     The Department's ruling found that the three specific surface products, "Grey Concrete Leather," "Andes," and "Twilight", each met the first three criteria of the crushed glass scope exclusion.

14.     The Department's ruling found that the three specific products did not meet the fourth criterion of the crushed glass scope exclusion based on the Department's erroneous conclusion that "not all one centimeter 'glass pieces' are within three inches of another one centimeter 'glass piece' across the surface of the product." Final Scope Ruling at 6.

## STATEMENT OF CLAIMS

## COUNT ONE

15.     Paragraphs 1 through 14 are adopted, incorporated and re-alleged here by reference.

16.     The Department's decision to include Plaintiff's "Grey Concrete Leather" surface product in the scope of the QSP Order is unsupported by substantial evidence on the record and is otherwise not in accordance with law, insofar as documented evidence shows the "Grey Concrete Leather" surface product is excluded from the scope of the QSP Orders based on the crushed glass surface products exclusion criteria contained in the scope and are not included in the scope of the QSP Order pursuant to 19 C.F.R. §§ 351.225(c) and (k).

## COUNT TWO

17.     Paragraphs 1 through 16 are adopted, incorporated and re-alleged here by reference.

18.     The Department's decision to include Plaintiff's "Andes" surface product in the scope of the QSP Order is unsupported by substantial evidence on the record and is otherwise not in accordance with law, insofar as documented evidence shows the "Andes" surface product is excluded from the scope of the QSP Orders based on the crushed glass surface products exclusion criteria contained in the scope and are not included in the scope of the QSP Order pursuant to 19 C.F.R. §§ 351.225(c) and (k).

## COUNT THREE

19.     Paragraphs 1 through 18 are adopted, incorporated and re-alleged here by reference.

20.     The Department's decision to include Plaintiff's "Twilight" surface product in the scope of the QSP Order is unsupported by substantial evidence on the record and is otherwise not in accordance with law, insofar as documented evidence shows the "Twilight" surface product is excluded from the scope of the QSP Orders based on the crushed glass surface products exclusion criteria contained in the scope and are not included in the scope of the QSP Order pursuant to 19 C.F.R. §351.225(c) and (k).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

(a) Hold that the Department's Final Scope Ruling was unsupported by substantial evidence and otherwise not in accordance with law;

(b) Remand the Final Scope Ruling with instructions to issue a new determination consistent with this Court's decision; and

(c) Provide such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Erik D. Smithweiss*
Erik D. Smithweiss
Kavita Mohan
Michael S. Holton
Jordan C. Kahn

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP
707 Wilshire Blvd STE 4150,
Los Angeles, CA 90017
(213) 624-1970
**
1201 New York Ave., NW, Suite 650
Washington, DC 20005
(202) 783-6881

*Counsel to Plaintiff SMA Surfaces, Inc.
(f/k/a Polarstone US)*

Dated: September 9, 2021

11273172_1

## CERTIFICATE OF SERVICE AND NOTICE TO INTERESTED PARTIES

**SMA Surfaces, Inc. (f/k/a Polarstone US) v. United States**
**CIT Court No. 21-00399**

     Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I certify that on September 9, 2021, a copy of the foregoing Complaint was served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

**UPON THE UNITED STATES**
Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
Room 346
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20530

**UPON THE U.S. DEPARTMENT OF COMMERCE**
General Counsel
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Washington, DC 20230

Evangeline Keenan
Director, APO/Dockets Unit
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Room 18022
Washington, DC 20230

**On Behalf of Cambria Company LLC**
Luke A. Meisner
**Schagrin Associates**
900 7th Street, NW
Suite 500
Washington, DC 20001

**On Behalf of the People's Republic of China**
Yangfan Xie
**Embassy of the Peoples Republic of China**
Economic and Commercial Office
2133 Wisconsin Avenue, NW
Washington, DC 20007

                                          */s/ Erik D. Smithweiss*
                                          Erik D. Smithweiss