IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| SMA SURFACES, INC. (F/K/A POLARSTONE US), | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Court No. 21-00399 |
| UNITED STATES, | ) ) ) |
| Defendant, | ) ) |
| and | ) ) |
| CAMBRIA COMPANY LLC, | ) ) |
| Defendant-Intervenor. | ) ) |

**DEFENDANT'S POST-ARGUMENT SUBMISSION**

Pursuant to the Court's guidance, defendant, the United States, respectfully provides this supplemental submission addressing issues that arose during oral argument in this matter.

I. **Commerce's Styling Of Definitions In The Scope Exclusion Is Consistent With The Rest Of The Record**

Plaintiff SMA Surfaces, Inc. (SMA) contended at argument that Commerce's definition of "glass pieces" in the third criterion of the orders' scope exclusion should not be considered a definition of that term because Commerce did not style the parenthetical definition in the way that plaintiff would do it. This contention lacks merit. As an initial matter, the information SMA itself highlighted in responding to the Court's oral argument questions demonstrates that the parenthetical term "glass pieces" is intended as a definition and that Commerce's interpretation of its own orders in this regard is reasonable. *See* SMA Oral Arg. Resp. 4-5. Contrary to SMA's

claims, moreover, the record of this proceeding contains multiple examples of Commerce using parentheses, no quotation marks, and no capitalization to define terms.

In the Final Scope Ruling that SMA is challenging, for example, Commerce repeatedly defines terms using parentheses that lack quotation marks, and employs lower case letters when not listing a proper name.  *See* Final Scope Ruling on the Antidumping and Countervailing Duty Orders on Quartz Surface Products from the People's Republic of China: SMA Surfaces at 1 (Dep't of Commerce July 15, 2021) ("In accordance with 19 CFR 351.225(d) and 19 CFR 351.225(k)(1), based on our analysis of the scope request, discussed below, we recommend determining that SMA Surfaces, Inc.'s (SMA Surfaces') crushed glass products are covered by the scope of the antidumping duty (AD) and countervailing duty (CVD) orders on quartz surface products (quartz) from the People's Republic of China (China).").  This style is consistent with Commerce's style in its prior Panmin Scope Ruling concerning the Quartz Surface Products orders.  *See* Final Scope Ruling on the Antidumping and Countervailing Duty Orders on Quartz Surface Products from the People's Republic of China: Request by Deyuan Panmin International Limited and Xiamen Deyuan Panmin Trading Co., Ltd. at 1 (Dep't of Commerce Feb. 20, 2020) (Panmin Scope Ruling) ("In accordance with 19 CFR 351.225(d) and 19 CFR 351.225(k)(1), we recommend determining that Panmin's "ZZ" series glass products are covered by the scope of the antidumping (AD) and countervailing duty (CVD) orders on quartz surface products (quartz) from the People's Republic of China (China).").

It is also not uncommon for Commerce to use defined terms that remain lowercase.  As we noted above, the defined term "quartz" is uncapitalized in both the Final Scope Ruling and the Panmin Scope Ruling.  *See* Final Scope Ruling at 1; Panmin Scope Ruling at 1.  Equally importantly, Commerce in the very orders containing the scope exclusion at issue in this case

defines the term "quartz surface products" with parentheses that lack quotation marks and have lowercase letters.  *See Certain Quartz Surface Products From the People's Republic of China: Antidumping and Countervailing Duty Orders*, 84 Fed. Reg. 33,053 (Dep't of Commerce July 11, 2019) (stating "Commerce is issuing the antidumping duty (AD) and countervailing duty (CVD) orders on certain quartz surface products *(quartz surface products)* from the People's Republic of China (China)") (emphasis added), *appearing in the record at* SMA Scope Request at Ex. 1 (Apr. 28, 2021) (P.R. 1-2; C.R. 1-2).  Likewise, Commerce also used "(quartz surface products)" as a defined, again with lowercase letters, on the first page of its Scope Modification Determination in the underlying investigation.  *See* SMA Scope Request at Ex. 2.

Therefore, SMA's assertion that "glass pieces" in the third criterion of the scope exclusion cannot be considered a definition is flawed and ignores Commerce's style conventions in the underlying proceeding.  The Court should find SMA's assertion unpersuasive and affirm Commerce's final scope ruling.

## II.  SMA's Reliance On The Side-By-Side Comparison Of Its "Twilight" Product And IceStone's "Snow Flurry" Product Continues To Be Flawed

At oral argument, SMA contended that the side-by-side comparison photo of its "Twilight" product and a lone product manufactured by IceStone, LLC (IceStone), called "Snow Flurry," established that Twilight meets the requirements for the crushed glass scope exclusion.  However, this argument continues to be unavailing because it is erroneous to "assume that by listing IceStone among the producers of '*certain* crushed glass surface products' that involve glass pieces 'larger in physical size compared to the silica input' and 'display visible pieces of crushed glass on their surfaces, giving them a distinct aesthetic compared to other quartz surface products,' Cambria was specifically referring to the IceStone {Snow Flurry} product highlighted in SMA's scope request among the various designs identified by the IceStone materials included

3

in Cambria's scope clarification request."  Gov't Br. 16 n.5, ECF No. 27 (May 5, 2022) (citing SMA Scope Request at Ex. 3, pp. 4-5 & Sub-Ex. 1 (P.R. 1-2; C.R. 1-2) (emphasis added)).

SMA also has provided no evidence regarding whether IceStone's Snow Flurry product actually meets the scope exclusion criteria, or that the glass pieces in "Twilight" are larger than in the IceStone Snow Flurry product.  Thus, SMA's comparison of Twilight and IceStone's Snow Flurry product remains speculative and does not undermine Commerce's final scope ruling, which is based on the unambiguous language of the orders.

More generally, given that SMA bore the burden of proof that its products qualify for the crushed glass exclusion, SMA failed to show, merely by submitting photos of a single, small subsection of the Twilight product and the comparison photo with IceStone's product, that all one centimeter "glass pieces" in Twilight are within three inches of another such "glass piece" across the surface of the product.  *See* Final Scope Ruling at 6; *see also QVD Food Co. v. United States*, 658 F.3d 1318, 1324 (Fed. Cir. 2011) (stating that "the burden of creating an adequate record lies with {interested parties} and not with Commerce") (citations omitted); *Zenith Elecs. Corp. v. United States*, 988 F.2d 1573, 1583 (Fed. Cir. 1993) ("The burden of production should belong to the party in possession of the necessary information.").  The Court should thus find SMA's comparison argument unavailing, and sustain Commerce's final scope ruling.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        PATRICIA MCCARTHY
        Director

        /s/ Tara K. Hogan
        TARA K. HOGAN
        Assistant Director

| | |
|---|---|
| OF COUNSEL:<br>JARED CYNAMON<br>Attorney<br>U.S. Department of Commerce<br>Office of the Chief Counsel<br>for Trade Enforcement and Compliance<br>1401 Constitution Avenue, NW<br>Washington, D.C. 20230 | /s/ Joshua E. Kurland<br>JOSHUA E. KURLAND<br>Senior Trial Counsel<br>United States Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 616-0477<br>Email: Joshua.Kurland@usdoj.gov |
| November 9, 2022 | *Attorneys for Defendant United States* |

## CERTIFICATE OF COMPLIANCE

Pursuant to the Court's guidance regarding post-argument submissions, defendant's counsel certifies that defendant's attached filing complies with the Court's type-volume limitation. According to the word count calculated by the word processing system with which the motion was prepared, the submission contains a total of 1016 words.

/s/ Joshua E. Kurland

November 9, 2022