## UNITED STATES COURT OF INTERNATIONAL TRADE
### BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| ———————————————————————————x | |
| SMA SURFACES, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | :   Court No. 21-00399 |
| UNITED STATES, | : |
| | : |
| Defendant, | : |
| | : |
| and | : |
| | : |
| CAMBRIA COMPANY LLC, | : |
| | : |
| Defendant-Intervenor. | : |
| ———————————————————————————x | |

### PLAINTIFF'S COMMENTS ON THE FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT REMAND

Plaintiff SMA Surfaces, Inc. ("SMA") hereby submits these comments in response to the U.S. Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Court Remand, filed on April 12, 2023 ("Final Remand Results").

Commerce's Final Remand Results reiterate the position taken by Commerce in its March 14, 2023 Draft Results of Redetermination Pursuant to Court Order ("Draft Remand Results"). SMA objects to Commerce's determination as it is entirely unsupported by record evidence and fails to comply with the Court's decision.

SMA believes its comments on the Draft Remand Results sufficiently address SMA's position with respect to Commerce's Final Remand Results. Therefore, SMA incorporates by reference its Comments on Draft Results of Redetermination, which it filed with Commerce on March 22, 2023 ("Draft Remand Comments"). *See* **Attachment**.

For the reasons discussed in its Draft Remand Comments, SMA urges the Court to issue another remand ordering Commerce to reconsider its decision finding SMA's Twilight product to be within the scope of the Orders.

Respectfully submitted,

*/s/* Michael S. Holton
Erik D. Smithweiss*
Jordan C. Kahn
Michael S. Holton

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

1201 New York Ave., NW Ste. 650
Washington, DC 20005
(212) 557-4000

*707 Wilshire Blvd., 41st Fl.
Los Angeles, CA 90017
(213) 624-1970

Dated:  May 12, 2023                    *Counsel for Plaintiff SMA Surfaces, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Plaintiffs' Comments on the Final Remand Results, as computed by Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt's word processing system Microsoft Word 2013, is 162 words, which is within the required word limit set by the Court.

/s/ Michael S. Holton
*Counsel for Plaintiff SMA Surfaces, Inc.*

Dated: May 12, 2022

# ATTACHMENT



NEW YORK
WASHINGTON, DC
LOS ANGELES
HONG KONG

March 22, 2023

**Case Nos. A-570-084, C-570-085**
Total Pages: 7
Remand (Slip Op. 23-4)
E&C/OIX: AM

**PUBLIC DOCUMENT**

**VIA ELECTRONIC FILING**
Hon. Gina Raimondo
Secretary of Commerce
U.S. Department of Commerce
International Trade Administration
Room 1870
1401 Constitution Avenue, NW
Washington, D.C.  20230

      Attn:   Paul Gill

      Re:   *Comments on Draft Results of Redetermination, CIT Court No. 21-0039, Slip Op.
23-4 (January 12, 2023)*: **Quartz Surface Products from the People's Republic
of China**

Dear Secretary Raimondo:

These comments are filed on behalf of our client, SMA Surfaces, Inc. ("SMA") in

response to the U.S. Department of Commerce's ("Department") Draft Results of

Redetermination issued on March 14, 2023 ("Draft Remand Results"). Should you have any

questions or require further information, please do not hesitate to contact the undersigned.

Thank you for your consideration of this matter.

           Respectfully submitted,

           Erik Smithweiss

           Erik D. Smithweiss
           Michael S. Holton
           Kavita Mohan
           *Counsel to SMA Surfaces, Inc.*

BEFORE THE INTERNATIONAL TRADE ADMINISTRATION
OF THE U.S. DEPARTMENT OF COMMERCE

| | | |
|---|---|---|
| Scope Inquiry – Quartz Surface Products from the People's Republic Of China | ) ) ) ) ) | **A-570-084, C-570-085** |

**COMMENTS ON DRAFT RESULTS OF REDETERMINATION
PURSUANT TO COURT ORDER**

Of Counsel:

Erik D. Smithweiss
Michael S. Holton
Kavita Mohan
*Counsel to SMA Surfaces, Inc.*

Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP
1201 New York Avenue, N.W.
Suite 650
Washington, D.C.  20005
(202) 783-6881

March 22, 2023

**COMMENTS ON DRAFT RESULTS OF REDETERMINATION
PURSUANT TO COURT ORDER**

On behalf of our client, SMA Surfaces, Inc. ("SMA"), we hereby submit these comments in response to the U.S. Department of Commerce's ("Commerce") March 14, 2023 Draft Results of Redetermination Pursuant to Court Order ("Draft Remand"), issued as a result of the Court of International Trade's ("CIT" or the "Court") decision, *SMA Surfaces, Inc. v. United States,* Slip Op. 23-4, Court No. 21-00399 (Ct. Int'l Trade 2023) ("Slip Op. 23-4"). Commerce has continued to find that SMA's Twilight product is in scope because it "failed to demonstrate that its . . . glass pieces extend across the surface of the product." SMA objects to Commerce's determination as it is entirely unsupported by record evidence and fails to comply with the Court's decision.

In its decision, the Court explained that Commerce's determination in its Final Scope Ruling tested "the outer bounds" of being "'reasonably discernible'" and that the only thing that saved Commerce's determination from simply being a "conclusory recitation" was that Commerce claimed its decision was based on an "examination of the pictures" that were submitted with SMA's Scope Application.[1] Thus, the Court explained "Commerce's examination of the photographs that SMA submitted is, therefore, at the heart of the dispute."[2] Based on the photographic evidence provided by SMA in Exhibit 16 of SMA's Scope Ruling Request, the Court found that **no** "'reasonable mind might accept'" a conclusion that, for the Twilight product, "certain of the circled glass pieces were more than three inches away from the nearest circled glass piece."[3]

---

[1] Slip Op. 23-4 at 18.
[2] *Id*. At 19.
[3] *Id*. at 23.

1

In its Draft Remand, Commerce argues that "to demonstrate that a product meets the plain language of the crushed glass scope exclusion, an interested party would have to provide photographic evidence of all of the product's surface, and possibly multiple examples to prove that this is normally a product that meets the requirements of the exclusion" such as "pictures or video" "with all four edges and all 6 'sides'" present."[4] Commerce argues that because SMA has provided only a "subsection" with "one edge" present, it "failed to demonstrate that the Twilight product met the "across the surface of the product" criteria.[5]

There are multiple problems with Commerce's analysis. First, there is absolutely nothing on the record suggesting that the photographs of Twilight provided by SMA are not representative of the entire surface of the whole product. By arguing that SMA should have provided more images, Commerce is basing its determination that the Twilight product is in scope on mere conjecture that the rest of the product (*i.e.*, the rest of the surface, edges, or additional sides) would somehow be different than the representative images of the Twilight product that were provided by SMA. But there is no record evidence supporting this. A determination based on speculation is impermissible under the substantial evidence standard, as the Court has held on multiple occasions.[6] "It is well-established that speculation does not constitute substantial evidence." *Lucent Techs, Inc. v. United States*, 580 F3d. 1301, 1327 (Fed. Cir. 2009).

Second, nothing in the history of the investigation or the plain language of the scope states that, in order to meet the definition of "across the surface of the product," a party would

---

[4] Draft Remand at 6.
[5] *Id*.
[6] *See, e.g., Star Pipe Prod. v. United States*, 537 F. Supp. 3d 1362, 1373 (Ct. Int'l Trade 2021) (holding that Commerce's "finding is entirely speculative, being based on no record evidence").

need to provide images of "all of the product's surface" "with all four edges and all 6 sides." Commerce is creating an impossibly high standard with no basis in the record of the investigation or the plain language of the scope for what a respondent "should have" provided in order to meet the scope definition.

Third, nor does any prior scope ruling define what Commerce now claims is required to meet the "across the surface" requirement of the crushed glass scope exclusion. The *Panim* decision certainly provided no such explanation or standard for what types of photographs and evidentiary standard needed to be met. It merely noted that the photographs provided in that case did not show that all one-centimeter glass pieces are within three inches of another glass piece "across the surface of the product."

Fourth, if additional photographs are all that Commerce required, it could easily have issued a supplemental questionnaire in the original proceeding or even opened the record of this remand redetermination. Because it failed to do so, Commerce's speculative decision is unsupported by record evidence. Nor has Petitioner provided any record evidence suggesting that the photographs provided by SMA are not representative of the entire surface of the product.

It is possible that Commerce is relying upon the Court's explanation that "Commerce may have, as the Government and Cambria explain extensively in their briefing, considered Twilight's glass pieces not to be sufficiently 'across the surface of the product' because the photographs" were confined to a particular area," Slip Op. at 24. However, the Court never claimed that such justification would be sufficient, and without any additional record evidence, it is not. Thus, for the Final Remand Redetermination, Commerce should reverse its position and find that the Twilight product is out of scope. Indeed, the record mandates this conclusion since

no reasonable mind could come to an alternative conclusion based on the photographs provided

by SMA.[7]

---

[7] The Court explained in its decision that it was issuing a remand based on Commerce's analysis of Exhibit 16 in SMA's Scope Ruling Request and therefore did not "decide the question of whether Commerce erred in not addressing Exhibit 17." SMA preserves its arguments concerning Exhibit 17.

## <u>PUBLIC CERTIFICATE OF SERVICE</u>

I hereby certify that on March 22, 2023 a copy of the attached document was served
electronically upon the following interested parties:

Luke A. Meisner
Schagrin Associates
900 7th Street, NW
Suite 500
Washington, DC 20001
lmeisner@schagrinassociates.com
202-223-1700


<u>/s/ Bruce Lockard</u>
Bruce Lockard