UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| SMA SURFACES, INC., ) | |
| ) | PUBLIC DOCUMENT |
| *Plaintiff,* ) | |
| v. ) | Case No. 21-00399 |
| UNITED STATES, ) | |
| *Defendant,* ) | |
| and ) | |
| CAMBRIA COMPANY LLC, ) | |
| *Defendant-Intervenor.* ) | |

**DEFENDANT-INTERVENOR'S REPLY
IN SUPPORT OF FINAL REMAND REDETERMINATION**

Roger B. Schagrin, Esq.
Luke A. Meisner, Esq.

SCHAGRIN ASSOCIATES
900 Seventh Street, NW, Suite 500
Washington, DC 20001
(202) 223-1700

*Counsel for Cambria Company LLC*

Dated: June 12, 2023

**Table of Contents**

I. SMA Has Waived Any Arguments Against the *Final Remand Redetermination* ........ 2
II. Commerce's *Final Remand Redetermination* Complies with the Remand Opinion .... 4
III. There Is an Additional Basis for Finding the Twilight Product Is Covered by the Orders ................................................................................................................................ 6
IV. Conclusion ........................................................................................................................ 8
CERTIFICATE OF COMPLIANCE

## TABLE OF AUTHORITIES

**Cases**

*AL Tech Specialty Steel Corp. v. United States*, 29 C.I.T. 276 (2005) ............................................ 3

*Home Prods. Int'l, Inc. v. United States*, 837 F.Supp.2d 1294 (Ct. Int'l Trade 2012) .................... 4

*Mittal Steel Point Lisas Ltd. v. United States*, 548 F.3d 1375 (Fed. Cir. 2008) ............................. 3

*Novosteel SA v. United States*, 284 F.3d 1261 (Fed.Cir.2002) ....................................................... 3

*NTN Bearing Corp. of Am. v. United States*, 26 C.I.T. 949 (2002) ................................................. 3

*Pac. Giant, Inc. v. United States*, 26 C.I.T. 1331 (2002) ................................................................ 3

*POSCO v. United States*, 335 F. Supp. 3d 1283 (Ct. Int'l Trade 2018) .......................................... 3

*SMA Surfaces, Inc. (F/K/A Polarstone US) v. United States,* Consol. Court No. 21-0039, Slip Op. 23-4 (CIT January 12, 2023) ....................................................................................... *passim*

*United States v. Zannino*, 895 F.2d 1 (1st Cir.1990) ...................................................................... 4

**Other Authorities**

Commerce Final Scope Ruling Request by Deyuan Panmin International Limited and Xiamen Deyuan Panmin Trading Co., Ltd. (Feb 20, 2020) ...................................................................... 5

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| SMA SURFACES, INC., ) | |
| ) | PUBLIC DOCUMENT |
| *Plaintiff,* ) | |
| v. ) | Case No. 21-00399 |
| UNITED STATES, ) | |
| *Defendant,* ) | |
| and ) | |
| CAMBRIA COMPANY LLC, ) | |
| *Defendant-Intervenor.* ) | |

**DEFENDANT-INTERVENOR'S REPLY
IN SUPPORT OF FINAL REMAND REDETERMINATION**

Pursuant to the opinion issued by the Court of International Trade ("CIT") in *SMA Surfaces, Inc. (F/K/A Polarstone US) v. United States,* Consol. Court No. 21-0039, Slip Op. 23-4 (CIT January 12, 2023) (ECF 43) ("*Remand Opinion*"), as modified by the extension of time granted by the CIT for parties to file their reply briefs in this action, *see* CIT Order (May 23, 2023) (ECF 49), Defendant-Intervenor Cambria Company LLC ("Cambria") hereby submits the following reply brief in support of the final remand redetermination issued by the U.S. Department of Commerce ("Commerce") in the above-referenced action, *see* Final Remand Redetermination (Apr. 12, 2023) (ECF 44) ("*Final Remand Redetermination*"). As discussed below, Commerce's *Final Remand Redetermination* is fully in compliance with the *Remand*

1

*Opinion* issued by the CIT. Moreover, by failing to prepare and file a brief with the CIT that sets forth how the *Final Remand Redetermination* is inconsistent with the *Remand Opinion* or otherwise not in accordance with law, SMA Surfaces Inc. ("SMA") has waived any arguments to the contrary. Accordingly, the CIT should uphold Commerce's finding that the Twilight product imported by SMA is covered by the antidumping and countervailing duty orders on Quartz Surface Products from the People's Republic of China (the "Orders").

I.  **SMA Has Waived Any Arguments Against the *Final Remand Redetermination***

In its *Remand Opinion*, the CIT instructed Commerce to reconsider and explain its inclusion of SMA's Twilight product within the scope of the Orders. *Remand Opinion* at 23. On March 14, 2023, in the remand proceedings below, Commerce issued a draft remand redetermination explaining why it continued to find that the Twilight product is covered by the scope of the Orders. *See* Commerce Draft Remand Redetermination (Mar. 14, 2023) (R-P.R. 1). On March 22, 2023, SMA filed comments on Commerce's draft remand redetermination. *See* SMA Comments (Mar. 22, 2023) (R-P.R. 2). SMA's comments raised five arguments as to why Commerce had supposedly erred in the draft remand redetermination. *See id.* In Commerce's final remand redetermination, the agency duly considered and addressed each and every single one of these five arguments. *See Final Remand Redetermination* at 7-13.

After Commerce filed its *Final Remand Redetermination* with this court, SMA filed what it describes as "comments" in response to the redetermination. *See* SMA Comments (May 12, 2023) (ECF 47). However, rather than responding to the *Final Remand Redetermination* and Commerce's analysis and explanation that addresses SMA's arguments, SMA states that it "believes its comments on the Draft Remand Results sufficiently address SMA's position with respect to Commerce's Final Remand Results" and that it therefore "incorporates

by reference its Comments on Draft Results of Redetermination, which it filed with Commerce on March 22, 2023." *Id.* at 1. By failing to prepare and file separate comments with the court that directly address the *Final Remand Redetermination*, SMA has waived any objections to this agency action.

As the CIT has recognized, "it is black letter law that – to properly preserve an issue for appeal – a party generally must first exhaust its remedies by making its argument before the agency, then brief that argument before the trial court." *AL Tech Specialty Steel Corp. v. United States*, 29 C.I.T. 276, 285 (2005). "Arguments that are not properly preserved are waived." *Id.* (citing *Novosteel SA v. United States*, 284 F.3d 1261, 1273-74 (Fed.Cir.2002)).

This principle applies equally in the context of remand proceedings ordered by the court. *See, e.g., Mittal Steel Point Lisas Ltd. v. United States*, 548 F.3d 1375, 1383 (Fed. Cir. 2008) (holding failure to raise an issue on remand precludes parties from raising that issue before the court); *POSCO v. United States*, 335 F. Supp. 3d 1283, 1287 (Ct. Int'l Trade 2018) ("the court considers POSCO's failure to articulate any grounds for its assertion that Commerce failed to fully comply with the court's remand order as an implied waiver of that argument'"). In *NTN Bearing Corp. of Am. v. United States*, the CIT found that a party's failure to submit comments on Commerce's remand results "constitutes a waiver of {the party's} right to submit comments" on the remand results. *NTN Bearing Corp. of Am. v. United States*, 26 C.I.T. 949, 950 (2002), aff'd, 368 F.3d 1369 (Fed. Cir. 2004). Similarly, in *Pac. Giant, Inc. v. United States*, the CIT noted that the plaintiffs had not submitted to the court any comments to Commerce's remand results. *Pac. Giant, Inc. v. United States*, 26 C.I.T. 1331, 1332 (2002). The CIT found that this failure "constitutes a waiver" of the plaintiffs' rights to object to the remand results and ultimately found that Commerce had "duly complied" with the remand order. *Id.*

3

Is it not sufficient for SMA to simply attach its comments filed with the agency during the remand proceedings and then incorporate them by reference, thereby leaving it to the parties and the court to piece together why SMA takes issue with the *Final Remand Redetermination*. Indeed, the CIT has rejected similar attempts at argumentation in prior proceedings. *See Home Prods. Int'l, Inc. v. United States*, 837 F.Supp.2d 1294, 1301 (Ct. Int'l Trade 2012) ("{I}ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.") (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990)).

For all these reasons, SMA has waived any objections to Commerce's *Final Remand Redetermination*, and the CIT should uphold it on this basis alone.

**II.     Commerce's *Final Remand Redetermination* Complies with the Remand Opinion**

As mentioned, in its *Remand Opinion*, the CIT remanded to Commerce its inclusion of SMA's Twilight product within the scope of the Orders for further reconsideration and explanation. *Remand Opinion* at 23. The CIT explained that "Commerce may have … considered Twilight's glass pieces to not be sufficiently 'across the surface of the product' because the photographs may be confined to certain areas of the surface in a manner that contravenes the intent of the crushed glass exclusion," but it also noted that "the substantial evidence standard, while significantly deferential, requires more than a passing reference without further analysis." *Id.* at 24 The CIT then concluded that "{w}ithout any further explanation of what about {SMA's photographs} failed to justify Twilight's compliance with the fourth

4

criterion, Commerce's decision is simply not 'obvious in light of the determination as a whole.'" *Id.* at 25.

In its *Final Remand Redetermination*, Commerce provided additional analysis and explanation as to why the photographs of the Twilight product submitted by SMA fail to show compliance with the fourth criterion of the crushed glass exclusion. *Final Remand Redetermination* at 5. In particular, Commerce has explained that "because SMA Surfaces only submitted pictures of a portion of a Twilight slab, SMA Surfaces failed to demonstrate that its Twilight product meets the criteria of the crushed glass scope exclusion, which require that there be one-centimeter glass pieces within three inches of another one-centimeter glass piece <u>across the surface of the product</u>." *Id.* at 5-6 (emphasis added). If Commerce was provided with detailed pictures or video of three entire slabs, with all four edges and all 6 "sides" (front, back and each edge/side) present, such photographic or videographic evidence might satisfy the requirements to prove such an exclusion, but SMA Surfaces only provided pictures of a subsection of a larger Twilight product and thus failed to demonstrate that the Twilight product met the "across the surface of the product" criteria of the crushed glass scope exclusion. *Id.* at 6. Commerce also explained that its determination is consistent with the agency's other scope ruling regarding crushed glass surface products, where it has noted that the criteria "across the surface of the product" of the crushed glass scope exclusion must also be met for the product at issue in that inquiry to be excluded from the scope. *Id.* (citing Commerce Final Scope Ruling Request by Deyuan Panmin International Limited and Xiamen Deyuan Panmin Trading Co., Ltd. (Feb 20, 2020) at 5).

The bottom line is that Commerce's *Final Remand Redetermination* is consistent with the *Remand Opinion* because the agency has now provided additional explanation as to why SMA

5

failed to show that there were one-centimeter glass pieces across the surface of the Twilight Product.

### III. There Is an Additional Basis for Finding the Twilight Product Is Covered by the Orders

Commerce's *Final Remand Redetermination* is consistent with the *Remand Opinion*. However, to the extent that the CIT finds otherwise, Cambria notes that there is an additional basis to find that SMA's Twilight Product fails to meet the crushed glass exclusion. Specifically, SMA's products also fail to meet the fourth criterion of the crushed glass exclusion because the pieces of glass in its products, including the Twilight Product, are not "visible." The term visible is defined alternately as "capable of being seen," "conspicuous," "devised to keep a particular part or item always in full view or readily seen," and "able or likely to attract public attention and be noticed." *See* Merriam-Webster Dictionary (definition of "visible"); Cambridge Dictionary (definition of "visible"). The glass pieces incorporated into SMA's merchandise are the opposite of visible. In fact, the only purpose their presence serves is to incorporate glass pieces into the merchandise in a blatant attempt to meet the crushed glass exclusion while also being unseen and inconspicuous.

Indeed, SMA's merchandise appears to be specifically devised to keep the pieces out of view so they cannot be seen. According to SMA, some of the glass pieces it uses are "highly translucent." *See* SMA Scope Ruling Request (Apr. 28, 2021) (P.R. 1) at 10. They are designed to allow most light to pass through them so that they are almost clear and virtually invisible. Other glass pieces, according to SMA, resemble "milk glass" – meaning that they are just plain white glass. *Id.* at 10 n. 12. However, the materials provided by SMA show that these plain white glass pieces appear on slabs that have a plain white background so that they are not visible but instead blend in with the background. *Id.* at Exhibit 16.

Because they are not "visible," the glass pieces in SMA's merchandise do not transform the merchandise—which is indistinguishable from ordinary quartz surface products covered by the scope—into the crushed glass surface products that were excluded from the scope. As Cambria explained in the original investigation:

> {C}rushed glass surface products have a distinct look that is imparted by their crushed glass content. Indeed, the appearance of the crushed glass content at the surface of the product helps to emphasize that these products contain recycled content. As a result, crushed glass surface products serve a niche segment of the overall countertop market – *i.e.*, countertops made from recycled materials ***that prominently display in a visible manner*** how they are an "eco-friendly solution." Significantly, ***the larger size of the crushed glass input used for crushed glass surfaces makes it impossible to achieve the range of designs and patterns that can be achieved by other quartz surface products***.

Request for Scope Clarification (Mar. 1, 2019) at 5 (attached as Exhibit 3 to Scope Ruling Request) (P.R. 2) (emphasis added). None of SMA's products, including the Twilight product, prominently display large pieces of crushed glass in a visible manner across their surface. To the contrary, the products disguise the glass pieces within designs that are indistinguishable from other quartz surface products so that the glass pieces are not visible.

Cambria raised these arguments in its comments on Commerce's draft remand redetermination. *See* Cambria Comments on Draft Remand Redetermination (Mar. 22, 2023) (R-P.R. 3). In its *Final Remand Redetermination*, Commerce declined to find that the Twilight product fails to meet the crushed glass exclusion because it does not contain "visible" pieces of one-centimeter glass across the surface of the product. Instead, Commerce stated that "because we are basing our determination on the 'across the surface of the product' criterion of the crushed glass scope exclusion, we do not believe the efforts taken by SMA Surfaces with respect to the visibility of the glass pieces in the Twilight QSP are of significance to these final results of redetermination." *Final Remand Redetermination* at 13.

In sum, if the CIT finds that Commerce's *Final Remand Redetermination* is not supported by substantial evidence or otherwise in accordance in law based on Commerce's stated rationale and remands this case once again, it should instruct Commerce to address SMA's efforts with respect to the visibility of the glass pieces.

**IV.     Conclusion**

For the foregoing reasons, Cambria respectfully requests that the Court uphold Commerce's *Final Remand Redetermination* as supported by substantial evidence and in accordance with law.

Respectfully submitted,

*/s/ Luke A. Meisner*
Luke A. Meisner, Esq.
SCHAGRIN ASSOCIATES
900 Seventh Street, NW, Suite 500
Washington, DC 20001
(202) 223-1700

*Counsel for Cambria Company LLC*

Dated: June 12, 2023

**CERTIFICATE OF COMPLIANCE**

      I hereby certify that the foregoing submission contains 2,129 words (including text, quotations, footnotes, headings, and attachments) and therefore complies with the word limitation set forth in the Standard Chambers Procedures of the U.S. Court of International Trade.

Dated: June 12, 2023                                                           /s/ *Luke A. Meisner*
                                                                                                     Luke A. Meisner