Slip Op 23-137

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SMA SURFACES, INC. (F/K/A POLARSTONE US),<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>   Defendant,<br><br>and<br><br>CAMBRIA COMPANY, LLC,<br><br>   Defendant-Intervenor. | Before: Gary S. Katzmann, Judge<br>Court No. 21-00399 |

## OPINION

[ Commerce's Final Remand Redetermination is sustained. ]

Dated: September 20, 2023

Michael S. Holton, Erik D. Smithweiss, and Jordan C. Kahn, Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, of Washington, D.C. and Los Angeles, CA, for Plaintiff SMA Surfaces, Inc. (f/k/a Polarstone US).

Joshua E. Kurland, Trial Attorney, U.S. Department of Justice, Washington, D.C., for Defendant the United States. With him on the briefs were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Tara K. Hogan, Assistant Director. Of counsel on the brief was Jared Cynamon, Attorney, U.S. Department of Commerce, Office of the Chief Counsel for Trade Enforcement & Compliance.

Luke A. Meisner and Roger B. Schagrin, Schagrin Associates, of Washington, D.C., for Defendant-Intervenor Cambria Company LLC.

  Katzmann, Judge: Before the court are the remand results of the U.S. Department of

Commerce ("Commerce") following a scope inquiry request filed by Plaintiff SMA Surfaces, Inc.

("SMA Surfaces"), an importer of crushed glass surface products from the People's Republic of China. See Redetermination Pursuant to Court Remand Order (Dep't Com. Apr. 11, 2023), Apr. 12, 2023, ECF No. 44 ("Final Remand Redetermination"). SMA Surfaces argues that the Final Remand Redetermination is unsupported by substantial evidence, is contrary to law, and does not comply with the court's remand order. See SMA Surfaces, Inc. v. United States ("SMA Surfaces I"), 47 CIT __, __, 617 F. Supp. 3d 1263, 1283 (2023). Defendant the United States and Defendant-Intervenor Cambria Company LLC ("Cambria") oppose SMA Surfaces's challenge on remand.

The court concludes that SMA Surfaces has waived its challenge before the U.S. Court of International Trade ("CIT") for failure to file briefing that is particularized to the Final Remand Redetermination. Because Commerce's results are otherwise supported by substantial evidence, in accordance with law, and compliant with the court's remand order, the Final Remand Redetermination is sustained.

**BACKGROUND**

The facts, legal framework, and exhibits of this case have been set out in the previous opinion and are recounted here to extent they are relevant. SMA Surfaces I, 617 F. Supp. 3d at 1267–71. SMA Surfaces requested a scope inquiry clarifying that three of its glass surface products—"Grey Concrete Leather," "Andes," and "Twilight"—were not subject to the antidumping and countervailing duty orders on certain quartz surface products from China, which Commerce had instituted pursuant to the statutes designed for fair trade and prevention of injury to domestic industry. See Certain Quartz Surface Products from the People's Republic of China: Antidumping and Countervailing Duty Orders, 84 Fed. Reg. 33053 (Dep't Com. July 11, 2019)

("QSP Orders").  The exemption for crushed glass surface products from the QSP Orders ("crushed glass exclusion") requires the satisfaction of four criteria, defined as follows:

> Specifically excluded from the scope of the orders are crushed glass surface products.  Crushed glass surface products must meet each of the following criteria to qualify for this exclusion: (1) The crushed glass content is greater than any other single material, by actual weight; (2) there are pieces of crushed glass visible across the surface of the product; (3) at least some of the individual pieces of crushed glass that are visible across the surface are larger than one centimeter wide as measured at their widest cross-section (glass pieces); and (4) the distance between any single glass piece and the closest separate glass piece does not exceed three inches.

QSP Orders, 84 Fed. Reg. 33055–56.  After reviewing SMA Surfaces's request, Commerce determined that the three glass surface products did not qualify for the crushed glass exclusion.  See Mem. from J. Pollack to J. Maeder, re: Final Scope Ruling on the Antidumping and Countervailing Duty Orders on Quartz Surface Products from the People's Republic of China: SMA Surfaces at 5–6 (Dep't Com. July 15, 2021), P.R. 15 ("Final Scope Ruling").

SMA Surfaces petitioned the court for review, contending that the Final Scope Ruling was "unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).  In SMA Surfaces I, the court concluded that Commerce's inclusion of the Grey Concrete Leather and Andes products in the QSP Orders was justified by substantial evidence and in accordance with law, but that Commerce's inclusion of the Twilight product was not justified by substantial evidence.  617 F. Supp. 3d at 1283.  Specifically, "[w]ithout any further explanation of what about Exhibit 16 failed to justify Twilight's compliance with the fourth criterion, Commerce's decision is simply not 'obvious in light of the determination as a whole.'"  Id. at 1281 (quoting U.H.F.C. Co. v. United States, 916 F.2d 689, 700 (Fed. Cir. 1990)).  The court remanded the Final Scope Ruling to Commerce for reconsideration of the Twilight product.  Id.

Following the court's order, in March 2023, Commerce released its draft remand results to interested parties.  See Draft Results of Redetermination Pursuant to Court Remand (Dep't Com.

Mar. 14, 2023), R.P.R. 1 ("Draft Remand Redetermination"). SMA Surfaces and Cambria timely submitted comments on the Draft Remand Redetermination. See Letter from SMA Surfaces to G. Raimondo, Sec'y Com., re: Comments on Draft Results of Redetermination (Mar. 22, 2023), R.P.R. 2; Letter from Cambria to G. Raimondo, Sec'y Com., re: Comments on Draft Remand Redetermination (Mar. 22, 2023), R.P.R. 3.

On April 12, 2023, Commerce timely filed the remand results with the court, addressing the parties' comments. See Final Remand Redetermination. Commerce again reviewed the evidence of the Twilight product for compliance with the crushed glass exclusion. It concluded that "because SMA Surfaces only submitted pictures of a portion of a Twilight slab, SMA Surfaces failed to demonstrate that its Twilight product meets the criteria of the crushed glass scope exclusion, which require that there be one centimeter glass pieces within three inches of another one centimeter glass piece across the surface of the product." Final Remand Redetermination at 5–6 (emphasis in original). Commerce further explained:

> Specifically, to demonstrate that a product meets the plain language of the crushed glass scope exclusion, an interested party would have to provide photographic evidence of all of the product's surface, and possibly multiple examples to prove that this is normally a product that meets the requirements of the exclusion. For example, if Commerce were provided with detailed pictures or video of three entire slabs, with all four edges and all six "sides" (front, back and each edge/side) present, such photographic or video evidence might satisfy the requirements to prove such an exclusion, but it would definitely be a case-specific analysis.
>
> In this case, SMA Surfaces only provided pictures of a subsection of a larger Twilight product (only one edge is present in the pictures provided); thus, it failed to demonstrate that the Twilight product met the "across the surface of the product" criterion of the crushed glass scope exclusion. Therefore, we continue to find that SMA Surfaces' Twilight product is within the scope of the Orders.

Id. at 6 (footnote omitted).

On May 12, 2023, SMA Surfaces filed with the court comments on the Final Remand Redetermination, in which it attached and incorporated by reference the document that it had filed

challenging Commerce's Draft Remand Redetermination. See Pl.'s Cmts. on Final Remand Redetermination, May 12, 2023, ECF No. 47 ("Pl.'s Cmts."). The Government and Cambria filed responses to SMA Surfaces's comments. See Def.'s Resp. to Pl.'s Cmts. on Remand, June 12, 2023, ECF No. 50 ("Def.'s Resp."); Def.-Inter.'s Reply in Supp. of Final Remand Redetermination, June 12, 2023, ECF No. 51 ("Def.-Inter.'s Resp.").

## DISCUSSION

Jurisdiction remains proper under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(B)(vi). The court will sustain Commerce's redetermination on remand if it is supported by substantial evidence on the record and is otherwise in accordance with law, see 19 U.S.C. § 1516a(b)(1)(B)(i), which includes compliance with the court's remand order, see BGH Edelstahl Siegen GmbH v. United States, 47 CIT __, __, 639 F. Supp. 3d 1237, 1240 (2023); Shandong Rongxin Imp. & Exp. Co. v. United States, 42 CIT __, __, 331 F. Supp. 3d 1390, 1402 (2018), aff'd, 779 F. App'x 744 (Fed. Cir. 2019).

As a threshold matter, the court first concludes that SMA Surfaces has waived its objections to the Final Remand Redetermination filed by Commerce with the court. The court next sustains the Final Remand Redetermination for adequately addressing SMA Surfaces's objections before Commerce and for otherwise being supported by substantial evidence, in accordance with law, and compliant with the court's remand order.

### I. *SMA Surfaces Has Waived Its Objections to the Final Remand Redetermination*

The Government and Cambria first contend that SMA Surfaces waived its challenge to the Final Remand Redetermination. See Def.'s Resp. at 5–6; Def.-Inter.'s Resp. at 2–4. In its two-page filing, SMA Surfaces stated that it "believes its comments on the Draft Remand Results sufficiently address [its] position with respect to Commerce's Final Remand Results," Pl.'s Cmts.

at 1, and attached its administrative brief challenging the Draft Remand Redetermination, see id. attach. 1 ("Pl.'s Admin. Br."). SMA Surfaces did not brief any arguments specific to Commerce's analysis and explanation as articulated in the Final Remand Redetermination.

"[I]t is black letter law that—to properly preserve an issue for appeal—a party generally must first exhaust its remedies by making its argument before the agency, then brief that argument before the trial court. Arguments that are not properly preserved are waived." AL Tech Specialty Steel Corp. v. United States, 29 CIT 276, 285 (2005) (citing Novosteel SA v. United States, 284 F.3d 1261, 1273–74 (Fed. Cir. 2002)). Even if an argument has been raised to the agency, the failure to raise that argument before the court on remand generally constitutes waiver.[1] See, e.g., POSCO v. United States, 42 CIT __, __, 335 F. Supp. 3d 1283, 1287 (2018); NTN Bearing Corp. of Am. v. United States, 26 CIT 949, 950 n.1 (2002), aff'd, 368 F.3d 1369 (Fed. Cir. 2004); Pac. Giant, Inc. v. United States, 26 CIT 1331, 1332 n.1 (2002). The argument must be developed for judicial review; perfunctory statements or summary incorporation of prior arguments cannot preserve an issue. See SmithKline Beecham Corp. v. Apotex Corp., 439 F.3d 1312, 1320 (Fed. Cir. 2006) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quoting Tolbert v. Queens Coll., 242 F.3d 58, 75 (2d Cir. 2001))); Home Prods. Int'l, Inc. v. United States, 36 CIT

---

[1] Not raising the argument before the agency, by contrast, would constitute a failure to exhaust administrative remedies rather than a waiver of argument. See Sandvik Steel Co. v. United States, 164 F.3d 596, 599 (Fed. Cir. 1998) ("The doctrine of exhaustion of administrative remedies . . . provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." (quoting McKart v. United States, 395 U.S. 185, 193 (1969))); see also 28 U.S.C. § 2637(d) ("[T]he [CIT] shall, where appropriate, require the exhaustion of administrative remedies."). Because SMA Surfaces timely raised its objections to Commerce's Draft Remand Redetermination, see Pl.'s Admin. Br., and because there was no subsequent opportunity in the administrative process to challenge the final version, SMA Surfaces has exhausted its administrative remedies here.

665, 672–74, 837 F. Supp. 2d 1294, 1300–02 (2012) (deeming an argument on remand waived "because it was too cursory to warrant the court's consideration"); see also Z.A. Sea Foods Priv. Ltd. v. United States, 46 CIT __, __, 606 F. Supp. 3d 1335, 1343–44 (2022) (collecting authority), appeal docketed No. 23-1469 (Fed. Cir. Feb. 7, 2023).

SMA Surfaces's failure to present developed argumentation that is responsive to the Final Remand Redetermination results in waiver. Objections to an agency's draft remand results do not, without further elaboration, constitute validly presented objections to the final remand results. See NTN Bearing Corp. of Am. v. United States, 26 CIT at 950 n.1; Pac. Giant, 26 CIT at 1332 n.1. Moreover, Commerce's Final Remand Redetermination is expressly responsive to each of the arguments in SMA Surfaces's administrative brief. See Final Remand Redetermination at 9–13. Yet SMA Surfaces offers no specific response apart from the perfunctory statement that Commerce has again erred for the same reasons, leaving it to the court and the parties to piece its arguments together. See SmithKline, 439 F.3d at 1320 ("[I]ssues adverted to in a perfunctory manner . . . are deemed waived." (quoting Tolbert, 242 F.3d at 75)); Home Prods. Int'l, 36 CIT at 673, 837 F. Supp. 2d at 1301 (a party may not "mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones" (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990))). With no argument tailored to the Final Remand Redetermination to consider, the court deems SMA Surfaces's objections to the final agency results waived.

## II. The Final Remand Redetermination Adequately Addressed SMA Surfaces's Preliminary Objections and Is Accordingly Sustained

Although the court's analysis could end with the waiver issue, the court also concludes that, upon review of the Final Remand Redetermination, the final agency results addressed the preliminary objections that SMA Surfaces attempts to reassert here. SMA Surfaces first argued

before the agency that "absolutely nothing on the record suggest[ed] that the photographs of Twilight provided by SMA [Surfaces] are not representative of the entire surface of the whole product." Pl.'s Admin. Br. at 2. But in asking Commerce and the court to draw an inference in its favor, that argument gets the standard backwards. SMA Surfaces could have submitted more and better-labeled photographic evidence to show compliance with the crushed glass exclusion. "Ultimately, the burden of creating an adequate record lies with [SMA Surfaces] and not with Commerce." SMA Surfaces I, 617 F. Supp. 3d at 1279 (cleaned up) (quoting Aristocraft of Am., LLC v. United States, 42 CIT __, __, 331 F. Supp. 3d 1372, 1380 (2018), as amended (Apr. 17, 2019)).

Relatedly, SMA Surfaces contended that Commerce set too high an evidentiary bar in requiring images of "all of the product's surface . . . with all four edges and all six sides." Pl.'s Admin. Br. at 2 (quoting Final Remand Redetermination at 6). But the agency's requirement is well founded in the plain language of "across the surface of the product." The text of the crushed glass exclusion invites a "comprehensive examination of the product's surface," rather than a narrow examination of "a small portion of the product." Final Remand Redetermination at 11; SMA Surfaces I, 617 F. Supp. 3d at 1273 ("If the scope language is unambiguous, it governs." (cleaned up) (quoting Meridian Prods., LLC v. United States, 851 F.3d 1375, 1381 (Fed. Cir. 2017))).

SMA Surfaces next argued that Commerce's evidentiary bar for meeting the "across the surface of the product" requirement was not made clear in a prior scope ruling. See Pl.'s Admin. Br. at 3; see also Mem. from M. Skinner to J. Maeder, re: Final Scope Ruling on the Antidumping and Countervailing Duty Orders on Quartz Surface Products from the People's Republic of China: Request by Deyuan Panmin International Limited and Xiamen Deyuan Panmin Trading Co., Ltd.

at 5 (Dep't Com. Feb. 20, 2020) ("Panmin"). Like the final scope ruling considered in SMA Surfaces I, Commerce summarily stated in the Panmin ruling—which was not challenged before the CIT—that the glass pieces did not meet criterion four's distance requirements "across the surface of the product." Panmin at 5. Because the agency acted consistently in administering the crushed glass exclusion in both Panmin and this case, see SMA Surfaces I, 617 F. Supp. 3d at 1283, the lack of further explanation in Panmin does not somehow limit Commerce's ability to explain the same "across the surface of the product" requirement in more detail here.

SMA Surfaces's final contention was that if Commerce required additional photographs, it erred in not issuing a supplemental questionnaire or reopening the record of the Final Remand Redetermination. See Pl.'s Admin. Br. at 4. But the court's prior opinion already rebutted that point. "Without any other statute or regulation obligating Commerce to ask for additional evidence before a final determination, the burden of developing an adequate record falls on SMA Surfaces, not Commerce." SMA Surfaces I, 617 F. Supp. 3d at 1280.

Having determined that the Final Remand Redetermination adequately addressed SMA Surfaces's preliminary objections, the court concludes that Commerce's results are supported by substantial evidence, in accordance with law, and compliant with the court's remand order.[2]

## CONCLUSION

For the foregoing reasons, Commerce's Final Remand Redetermination is sustained. Judgment will enter accordingly.

---

[2] Cambria also argues that the crushed glass pieces in the Twilight product are not "visible," which would fail the crushed glass exclusion criteria, and proposes that the court direct Commerce to review on that basis if the Final Remand Redetermination were remanded again. See Def.-Inter.'s Resp. at 6–8. Because "an agency's action must be upheld, if at all, on the basis articulated by the agency itself," Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 50 (1983), and the court here is sustaining the Final Remand Redetermination, the court expresses no view on Cambria's argument.

**SO ORDERED.**

/s/      Gary S. Katzmann
Gary S. Katzmann, Judge

Dated: September 20, 2023
New York, New York